In the Matter of the Judicial Settlement of the Account of Proceedings of EMMA J. M. EARP, as Executrix, etc., of JOHN L. MILLER, Deceased.

EMMA J. M. EARP, Individually and as Executrix, etc., of JOHN L. MILLER, Deceased, Appellant; CHARLES E. MILLER, Respondent, Appellant; JOHN L. MILLER, JR., Appellant.

First Department, December 11, 1925.

Executors and administrators — accounting — question of law only involved before surrogate — reference should not have been granted — objection to distribution of corporate stock in kind barred by withdrawal of same objection on prior accounting.

The objections to the account of the executor in this proceeding for an accounting raised questions of law only and, therefore, the Surrogate's Court should not have granted a reference.

The objection to the distribution of corporate stock in kind must be overruled, since it appears that on a prior accounting the same objection was made and subsequently withdrawn on the ground that only a corporation matter was involved, meaning that the estate was no longer interested in the stock.

MOTION by Charles E. Miller for reargument of an appeal by Emma J. M. Earp, individually and as executrix, etc., of John L. Miller, deceased, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of May, 1925, denying her motion to overrule objections to her account and appointing a referee to hear and determine, and also for reargument of an appeal by Emma J. M. Earp, individually and as executrix, etc., of John L. Miller, deceased, from an order of said Surrogate's Court, entered in the office of said Surrogate's Court, referring to the same referee as part of and incidental to said account and objections thereto, a motion brought on by an order to show cause why certain property which is the subject-matter of objection No. 13 should not be turned over to the executors for sale under order of the court, and other disposition thereof stayed until further order.

*Eve P. Radtke,* for the motion.

*Wilbur F. Earp* and *Middleton S. Borland,* opposed.

PER CURIAM:

In announcing the decision of these appeals, the court handed down a memorandum *Per Curiam,* as follows: " The objections filed to the account herein as well as the order to show cause present only questions of law, all of which should be determined by the surrogate in the first instance. No question of fact is presented requiring submission to the referee. The orders appointing a referee are, therefore, reversed and the matter remitted to the surrogate for such disposition as may be proper." (215 App. Div. 651.)

The orders of this court upon such determination were directed to be settled on notice. Upon such settlement an order presented by the objectant was entered in appeal No. 1 directing: " That the order appealed from in so far as it appoints a referee is hereby reversed and this matter is hereby remitted to the surrogate for such disposition as may be proper."

In appeal No. 2 an order presented by the objectant was entered directing: " That the order appealed from is reversed and the matter remitted to the surrogate for such disposition as may be proper," and continuing a stay of disposition of the property involved until further order of the court in the premises.

The executrix thereafter moved to resettle said orders on the ground that in appeal No. 1 the denial of the motion to overrule the objections being left unreversed, there were no questions of law for the surrogate to determine, as the opinion of this court indicated, and that, therefore, the orders did not follow the decision.

Resettled orders were accordingly entered: In appeal No. 1, reversing that part of the order which denied the motion of the executrix, as well as the provision for a reference; and in appeal No. 2, denying the motion for the delivery of the property referred to and vacating the stay, in addition to reversing the order appealed from. The objectant complains that these orders as resettled are contrary to the decision as announced; but instead of asking for a further resettlement, he moves for a reargument of both appeals.

We have re-examined the questions raised and are of the opinion, as heretofore stated, that only questions of law are involved and that, therefore, they should have been determined by the surrogate. Upon such re-examination, we are further of the opinion that the objections, fourteen in number, should all have been overruled.

The objection most seriously argued, and the only one to which reference need here be made, is No. 13, to the distribution in kind of 126 shares of the Empire Square Realty Company stock, 51 one-half shares of the Rellim Construction Company stock, and 25 shares of the Riverdale Realty Company stock, which belonged to the testator at the time of his death. In our opinion, the objectant is concluded with respect thereto by the decree upon the former accounting. It appears by the record on appeal from said former decree, which is embodied in the papers on appeal herein, that objection No. 5 to said prior account was withdrawn. That objection was to the statement in Schedule E of said account that each of the five legatees has from the time of the probate of the will herein had the full use and benefit of the said property, each one-fifth thereof, the executrix having only in her custody the certificates. The ground of objection then made, and withdrawn, was the securing unfairly by the executrix and a brother, John L. Miller, of a voting control of the said corporations; which, in substance, is the same objection as that now urged. The proofs show that the said brother, soon after the probate of the will, had purchased the interests of his brothers Warren and George in the estate, including these stocks, and that, although dividends were not formally declared and certificates representing the share of each were not issued until after the prior accounting period, the objectant and the others in interest received pursuant to resolution or agreement their proportionate share of the income from said stocks, and since that time he has received and retained certificates of his one-fifth share, and the dividends thereon have been paid to and retained by him. Such withdrawal of objection on the former accounting on the ground then stated that " that is really a corporation matter "— obviously meaning that the estate was no longer interested in said stock — was in effect an acquiescence

in a distribution in kind then enjoyed of the shares in question, which is not affected by the fact that the certificates themselves had not at that time been issued ( *U. S. Radiator Co.* v. *State of N. Y.*, 208 N. Y. 144, 149), and his subsequent acceptance and retention of the certificates and dividends, notwithstanding his new objection, must be considered a ratification of such distribution.

We, therefore, conclude that the motions for reargument should be denied; that as to the first appeal, the resettled order should be vacated and an order made and entered reversing the order of the surrogate so appealed from, with ten dollars costs and disbursements to the executrix against the objectant, granting the motion to overrule the objections, and remitting the proceedings to the surrogate for further action in accordance with this opinion; and that as to the second appeal, the resettled order should stand, and the stay contained in the order to show cause upon which the present motion is made should be vacated.

Present — CLARKE, P. J., DOWLING, FINCH, McAVOY and MARTIN, JJ.

As to appeal No. 1, motion for reargument denied; resettled order vacated, order appealed from reversed, with ten dollars costs and disbursements, and motion to overrule objections granted, and proceedings remitted to surrogate for further action in accordance with opinion; as to appeal No. 2, motion for reargument denied and stay vacated.